**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.,
425 Third Street, S.W., Suite 800
Washington, DC 20024,

Plaintiff,

v.

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,
Office of the General Counsel
245 Murray Lane SW
Mailstop 0485
Washington, DC 20528

Defendant.

Civil Action No.

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant United States Department of Homeland Security is an agency of the United States Government and is headquartered at 601 South 12th Street, Arlington, VA 22202. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

5. On July 14, 2014, Plaintiff sent a FOIA request to Defendant seeking the following records:

> 1. A copy of the DHS Office of Inspector General report regarding, concerning or related to a "hands off list" purportedly maintained by DHS, US Immigration and Customs Enforcement (ICE), and/or US Customs and Border Protection (CBP) used to allow certain individuals to enter the United States, who had previously been denied entry to the United States or been made to undergo secondary screening by CBP based on suspicion of terrorism ties.
>
> 2. Any and all records of communication to or from DHS Inspector General Charles Edwards from May 31, 2013 to May 31, 2014 regarding the aforementioned OIG report.

6. On July 23, 2014, Defendant acknowledged receipt of Plaintiff's request and assigned it FOIA Request No. 2014-143.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days after receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, Defendant's determination was due by August 20, 2014 at the latest.

8. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

9. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its request, pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
**(Violation of FOIA, 5 U.S.C. § 552)**

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is violating FOIA by unlawfully withholding records responsive to Plaintiff's FOIA request.

12. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply fully with FOIA.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs

reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: February 13, 2015

Respectfully submitted,

JUDICIAL WATCH, INC.

*/s/ Jason B. Aldrich*
Jason B. Aldrich
D.C. Bar No. 495488
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*